UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANICE SERGEANT and THOMAS SERGEANT,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. C17-5232 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFFS' CROSS-MOTION, AND GRANTING PLAINTIFFS' LEAVE TO AMEND |

This matter comes before the Court on Defendant Bank of America N.A.'s ("BANA") motion to dismiss (Dkt. 14) and Plaintiffs Janice and Thomas Sergeant's ("Sergeants") cross-motion for an order setting aside foreclosure mediator's certification and declaring defendants' bad faith in foreclosure mediation (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL AND FACTUAL HISTORY

On March 29, 2017, Plaintiffs Janice and Thomas Sergeant ("Sergeants") filed a complaint against BANA, Carrington Mortgage Services, LLC ("CMS"), and all others claiming an interest in the property described in the complaint. Dkt. 1. The Sergeants assert twelve claims for relief for violations of federal and state statutes. *Id*.

The claims are based on the subsequent servicing and attempted modification of the Sergeants' refinance. In March 2009, they obtained a refinance loan in the amount of

$214,833.00 secured by the property located at 13310 88th Avenue Ct E, Puyallup, WA 98373. *Id*. ¶ 15. Servicing of the loan and the beneficial interest in the deed of trust was assigned to BANA. *Id*. ¶ 16.

In May 2010, the Sergeants voluntarily ceased to make payments to BANA. *Id*. ¶ 24. In May 2011, they submitted a loan modification application to BANA. *Id*. ¶ 26. In July 2011, BANA informed the Sergeants that it had closed their loan modification review due to the Sergeants' failure to respond to BANA's inquiries. *Id*. ¶ 27. The Sergeants submitted two other loan modification applications, but BANA rejected them. *Id*. ¶¶ 33, 35–36.

In April 2014, the Sergeants entered into the Washington foreclosure mediation program and submitted another loan modification application on May 1, 2014. *Id*. ¶¶ 37–38. On June 18, 2014, BANA again denied the Sergeants' application for a modification because their expenses exceeded their gross monthly income. *Id*. ¶ 39.

In July 2014, BANA informed the Sergeants that the servicing of their loan would be transferred to CMS. In December 2015, CMS offered the Sergeants a temporary payment plan, which they rejected. *Id*. ¶ 51. In October 2016, the Sergeants entered into a permanent loan modification with CMS. *Id*. ¶¶ 57–58.

On May 8, 2017, BANA moved to dismiss the Sergeants' claims for violations of the Washington State Consumer Protection Act ("CPA"), violation of the Equal Credit Opportunity Act ("ECOA") and the tort of outrage. Dkt. 14. That same day, the Sergeants filed a cross-motion for an order setting aside foreclosure mediator's certification and declaring defendants' bad faith in foreclosure mediation. Dkt. 16. On

May 22, 2017, BANA responded to the Sergeants' motion. Dkt. 19. On May 25, 2017, the Sergeants responded to BANA's motion. Dkt. 21. On June 2, 2017, BANA replied. Dkt. 22. The Sergeants did not reply to BANA's response.

## II. DISCUSSION

### A. The Sergeants' Motion

The Sergeants move the Court "for an order setting aside the foreclosure mediation certification, and declaring [BANA's] and [CMS's] participation in foreclosure mediation to be in bad faith." Dkt. 16 at 1. BANA contends that the Sergeants' motion is "procedurally improper" and "without merit" and that the Sergeants' "lack of citation to legal authority allowing the Court to grant their requests for relief should be fatal to the Cross-Motion." Dkt. 19. The Court agrees. Even if legal authority exists to set aside the certificate, the requested relief is not set forth in the complaint. Therefore, the Court denies the Sergeants' motion.

### B. BANA's Motion

BANA moves to dismiss the Sergeants' claims for a violation of the CPA, violations of the ECOA, and the tort of outrage.

#### 1. Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301

(9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**2. CPA**

The five elements required to establish a violation of the CPA are: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). A four-year statute of limitations applies to CPA claims. RCW 19.86.120; *Pickett v. Holland Am. Line–Westours, Inc.*, 145 Wn.2d 178, 196 (2001).

In this case, BANA moves to dismiss the Sergeants' CPA claim as time-barred and on the merits. First, BANA argues that any alleged adverse action that occurred more than four years before the Sergeants filed the complaint is time-barred. Dkt. 14 at 7. The Sergeants respond that the facts support equitable tolling without citing a single authority on the issue of applying equitable tolling to a CPA claim. Without adequately supporting their opposition, the Sergeants have failed to meet their burden in opposition. Therefore, the Court grants BANA's motion on this issue.

Second, BANA argues that the Sergeants fail to allege claims to satisfy each element of a CPA claim. Dkt. 14 at 9. In response, the Sergeants assert in a conclusory fashion that the "complaint is stocked with facts sufficient to state plausible claims" for

relief. Dkt. 21 at 6. And then, without reciting those supposed facts in the opposition, cites to numerous pages in the complaint for facts to support each element assuming that the Court will engage in a treasure hunt in order to identify allegations to overcome BANA's motion to dismiss. *See*, *e.g.*, *id.* ("The cause of the injury, the fifth and final element to plaintiffs' CPA claim, is also fully pleaded in the complaint, Dkt. No. 1, pg. 18-19, and in plaintiffs' expert report Dkt. No. 4, pg.s 26-28"). The Court declines the Sergeants' invitation to search the record to support their argument. Therefore, the Court grants BANA's motion on this issue.

### 3. ECOA

The ECOA forbids discrimination in credit decisions and requires creditors to notify applicants within thirty days of taking an "adverse action" on an application for credit. 15 U.S.C. § § 1691(a)-(c), 1691(d)(1)-(5). Under the statute, it is not an adverse action to refuse "to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default[.]" 15 U.S.C. § 1691(d)(6).

In this case, BANA asserts that the Sergeants' ECOA claims fail as a matter of law. The Sergeants respond that BANA fails to distinguish between the procedural violations and the substantive violations. Dkt. 14 at 10–11. The Court agrees with the Sergeants to a certain extent. Regarding the procedural requirement, BANA has failed to show or cite authority for the proposition that its duty to notify an applicant under § 1691(d)(1) is waived if the applicant is delinquent. *See*, *e.g.*, *Vasquez v. Bank of Am., N.A.*, 13-CV-02902-JST, 2014 WL 1614764, at *3 (N.D. Cal. Apr. 22, 2014). Therefore,

the Court denies BANA's motion on this issue because BANA has failed to show that the claim is legally deficient.

Regarding the substantive requirements, the Court agrees with BANA that the Sergeants admit that they were in default, which precludes any denial being considered an "adverse action." 15 U.S.C. § 1691(d)(6); *Eichholz v. Wells Fargo Bank, NA*, 10-CV-13622, 2011 WL 5375375, at *9 (E.D. Mich. Nov. 7, 2011). The Sergeants fail to respond to this authority or show that the claim may be plead in the alternative. Therefore, the Court grants BANA's motion on this issue and dismisses the Sergeants' § 1691(d)(2) claim with prejudice.

### 4. Outrage

A three-year statute of limitations governs the Sergeants' negligence claims. *Cox v. Oasis Physical Therapy, PLLC*, 153 Wn. App. 176, 190 (2009).

In this case, BANA moves to dismiss the Sergeants' outrage claim because, as alleged, it is barred by the statute of limitations. Dkt. 14 at 11. The Court agrees. The only date alleged in the complaint is 2009. Dkt. 1, ¶ 150. Based on BANA's act on that date, the Sergeants allege that BANA failed to "mitigate" the damage over the next five years. *Id*. The Sergeants fail to address the problems with the statute of limitations or explain how the failure to correct a time-barred act establishes a claim. Therefore, the Court grants BANA's motion on this issue.

### 5. Leave to Amend

The Sergeants request that, if the Court grants BANA's motion to dismiss, the Court grant them leave to amend to correct the deficiencies in the complaint. The most

glaring deficiency in the complaint is that it doesn't contain a short and plain statement of each claim. *See* Fed. R. Civ. P. 8. Instead, the complaint is 48 pages of compound factual allegations, legal conclusions, and citations to authorities. The Sergeants have also attached three declarations and over 150 pages of exhibits to the complaint. Such an unnecessary document dump does nothing but needlessly waste both the defendants and the Court's time and resources to determine whether the Sergeants have asserted the minimal factual allegations to overcome a motion to dismiss. Even so, the Sergeants are entitled to leave to amend because it is not absolutely clear that the deficiencies identified above cannot be cured by additional factual allegations. Therefore, the Court grants the Sergeants leave to amend their CPA and outrage claim against BANA.

### III. ORDER

Therefore, it is hereby **ORDERED** that BANA's motion to dismiss (Dkt. 14) is **GRANTED,** the Sergeants' cross-motion for an order setting aside foreclosure mediator's certification and declaring defendants' bad faith in foreclosure mediation (Dkt. 16) is **DENIED**, and the Sergeants are **GRANTED** leave to amend. The Sergeants shall file an amended complaint no later than June 23, 2017. Failure to file an amended complaint or otherwise response will result in **DISMISSAL** of these claims against BANA.

Dated this 14th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge