UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANICE SERGEANT and THOMAS SERGEANT,

Plaintiffs,

v.

BANK OF AMERICA, N.A., et al.,

Defendants.

CASE NO. C17-5232 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO STRIKE

This matter comes before the Court on Defendant Bank of America, N.A.'s ("BANA") motion to dismiss first amended complaint ("FAC") (Dkt. 14) and Plaintiffs Janice and Thomas Sergeant's ("Sergeants") motion to strike (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I.  PROCEDURAL AND FACTUAL HISTORY**

On March 29, 2017, the Sergeants filed a complaint against BANA, Carrington Mortgage Services, LLC ("CMS"), and all others claiming an interest in the property described in the complaint. Dkt. 1.

On May 8, 2017, BANA moved to dismiss the Sergeants' claims for a violation of the Washington State Consumer Protection Act ("CPA"), a violation of the Equal Credit

Opportunity Act ("ECOA"), and the tort of outrage. Dkt. 14. On June 14, 2017, the Court granted the motion, dismissed part of the Sergeants' ECOA claim with prejudice, and granted the Sergeants leave to amend their CPA and outrage claims. Dkt. 23. In relevant part, the Court stated as follows:

> The most glaring deficiency in the complaint is that it doesn't contain a short and plain statement of each claim. *See* Fed. R. Civ. P. 8. Instead, the complaint is 48 pages of compound factual allegations, legal conclusions, and citations to authorities. The Sergeants have also attached three declarations and over 150 pages of exhibits to the complaint. Such an unnecessary document dump does nothing but needlessly waste both the defendants and the Court's time and resources to determine whether the Sergeants have asserted the minimal factual allegations to overcome a motion to dismiss. Even so, the Sergeants are entitled to leave to amend because it is not absolutely clear that the deficiencies identified above cannot be cured by additional factual allegations.

*Id*. at 6–7.

On July 7, 2017, the Sergeants filed the FAC. Dkt. 24. Instead of heeding the Court's warning regarding "[t]he most glaring deficiency," the Sergeants submitted a 44-page complaint containing many of the same "compound factual allegations, legal conclusions, and citations to authorities" and citing the same voluminous exhibits they submitted with the original complaint. The Sergeants' claims are based on the subsequent servicing and attempted modification of the Sergeants' refinance. In March 2009, they obtained a refinance loan secured by their home. *Id*. ¶ 15. Servicing of the loan and the beneficial interest in the deed of trust was assigned to BANA. *Id*. ¶ 16.

In May 2010, the Sergeants voluntarily ceased to make payments to BANA. *Id*. ¶ 24. In May 2011, they submitted a loan modification application to BANA. *Id*. ¶ 26. In July 2011, BANA informed the Sergeants that it had closed their loan modification

review due to the Sergeants' failure to respond to BANA's inquiries. *Id.* ¶ 27. The Sergeants submitted two other loan modification applications, but BANA rejected them. *Id.* ¶¶ 33, 35–36.

In April 2014, the Sergeants entered into the Washington foreclosure mediation program and submitted another loan modification application on May 1, 2014. *Id.* ¶¶ 37–38. On June 18, 2014, BANA again denied the Sergeants' application for a modification because their expenses exceeded their gross monthly income. *Id.* ¶ 39.

In July 2014, BANA informed the Sergeants that the servicing of their loan would be transferred to CMS. In December 2015, CMS offered the Sergeants a temporary payment plan, which they rejected. *Id.* ¶ 51. In October 2016, the Sergeants entered into a permanent loan modification with CMS. *Id.* ¶¶ 57–58.

On July 7, 2017, BANA moved to dismiss the Sergeants' CPA, ECOA, and outrage claims. Dkt. 25. On July 31, 2017, the Sergeants responded. Dkt. 27. On August 4, 2017, BANA replied. Dkt. 28. On August 4, 2017, the Sergeants filed a surreply and moved to strike BANA's reply. Dkt. 29.

## II. DISCUSSION

### A. Motion to Strike

The Sergeants move to strike BANA's reply because BANA "argued for the first time in its reply, without excuse or authority, that the amended complaint was 'cumbersome' but identical to the first complaint." Dkt. 29 at 2. Contrary to the Sergeants' position, BANA provided in the introduction to its brief the argument that "despite the Court's directive Plaintiffs' [sic] have filed a nearly identical FAC, which is

still 43 pages in length, and contains a nearly identical statement of facts." Dkt. 25 at 2. Therefore, the Court denies the Sergeants' motion because it is without merit.

**B.    BANA's Motion**

BANA moves to dismiss the Sergeants' claims for a violation of the CPA, violations of the ECOA, and the tort of outrage.

  **1.    Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

  **2.    CPA**

The five elements required to establish a violation of the CPA are: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). A four-year

statute of limitations applies to CPA claims. RCW 19.86.120; *Pickett v. Holland Am. Line–Westours, Inc.*, 145 Wn.2d 178, 196 (2001).

In this case, BANA moves to dismiss the Sergeants' CPA claim as time-barred and on the merits. First, BANA argues that any alleged adverse action that occurred more than four years before the Sergeants filed the complaint is time-barred. Dkt. 25 at 6. The Sergeants contend that their claim didn't accrue until they were offered a loan modification that failed to restore them to pre-default status because the "discovery rule applies CPA claims." *Shepard v. Holmes*, 185 Wn. App. 730, 740 (2014) (citing *Pickett v. Holland Am. Line–Westours*, Inc., 101 Wn.App. 901, 913 (2000), *rev'd on other grounds by* 145 Wn.2d 178 (2001)). BANA's response to this argument is that "there is no question that any claims related to the 2009 payment issue are barred by the statute of limitations because they were well aware of the dispute and had legal representation at the time." Dkt. 28 at 2–3. In other words, BANA did not respond to the Sergeants' discovery rule argument and BANA has failed to meet its burden to show that the Sergeants' claim is time-barred. Therefore, the Court denies BANA's motion on this issue.

Second, BANA argues that the Sergeants have failed to adequately allege an unfair or deceptive practice or resulting damages. Regarding the former, the parties are like ships passing in the night. BANA asserts that the Sergeants' claim fails because it adequately reviewed their application for a loan modification. Dkt. 25 at 8. The Sergeants respond that it was an unfair practice to fail to notify them of a service transfer.

Dkt. 27 at 8. As a result, BANA has failed to show that the Sergeants did not provide a factual allegation on this element of their CPA claim.

Regarding damages, BANA argues that "[a]ny damages Plaintiffs have allegedly suffered flow not from conduct of BANA, but instead their own default." Dkt. 28 at 3. Although this appears to be more of an attack on causation rather than damages, the Sergeants have alleged sufficient facts that BANA's actions caused damages to their business and property. FAC, ¶¶ 91–92. Thus, BANA has failed to show that the Sergeants' claim fails for lack of sufficient allegations, and the Court denies BANA's motion on this claim.

**3.     ECOA**

The ECOA requires that "a creditor shall notify the applicant of its action on the application" for credit. 15 U.S.C. § 1691(d)(1). Under the statute, it is not an adverse action to refuse "to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default[.]" 15 U.S.C. § 1691(d)(6). The applicable regulations clarify that notification is "required" only for approval, counteroffer, or "adverse action." 12 C.F.R. § 202.9(a)(1)(i). In turn, the regulations setting forth the definitions applicable to § 202.9 and the surrounding ECOA regulations state that "adverse action . . . does not include . . . [a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account." 12 C.F.R. § 202.2(c)(2)(ii). "Thus, to the extent the statute was at all ambiguous about whether a notification is required where the applicant is already in default, the implementing regulations state clearly that no notice is required in that

circumstance." *Smith v. Wells Fargo Bank, N.A.*, 15-CV-01779-YGR, 2016 WL 283521, at *7 (N.D. Cal. Jan. 25, 2016) (citing numerous cases).

In this case, BANA asserts that the Sergeants' ECOA claims fail as a matter of law because a creditor is not required to give an applicant notice of its decision if the applicant is in default. The Court agrees. The Sergeants' contrary position relies on cases that predate *Smith* and do not interpret the implementing regulations. Dkt. 27 at 11–13. For example, in *Vasquez v. Bank of Am., N.A.*, 13-CV-02902-JST, 2014 WL 1614764 (N.D. Cal. Apr. 22, 2014), the court denied a motion to dismiss because "the authority [Defendants] cite is applying the concept of an 'adverse action,' without discussing the distinction between 15 U.S.C. § 1691(d)(1) and the remaining subsections of section 1691(d)." *Id*. at *3. This is the exact same logic the Court relied on in denying BANA's previous motion. Dkt. 23 at 5–6 ("BANA has failed to show or cite authority for the proposition that its duty to notify an applicant under § 1691(d)(1) is waived if the applicant is delinquent."). However, in light of *Smith*, *Vasquez* only stands for the proposition that the moving party failed to properly support its argument with relevant authorities and argument.

Similarly, in *MacDonald v. Wells Fargo Bank N.A.*, No. 14-CV-04970-HSG, 2015 WL 1886000 (N.D. Cal. Apr. 24, 2015), the relevant issue was not addressed. "[T]he parties in *MacDonald* did not argue, and the court there did not consider, the effect of the regulations implementing section 1691's notice requirements." *Smith*, 2016 WL 283521 at *7. When the implementing statutes are considered, it is clear that it is not a violation of § 1591(d)(1) if a creditor fails to provide notice to an applicant in default. Because the

Sergeants admit that they were in default, their ECOA claim fails as a matter of law.  The Court grants BANA's motion and dismisses this claim with prejudice.

**4.     Outrage**

A three-year statute of limitations governs the Sergeants' negligence claims.  *Cox v. Oasis Physical Therapy, PLLC*, 153 Wn. App. 176, 190 (2009).  "[A] cause of action for negligent injury accrues at the time the act or omission occurs."  *Id*.

In this case, BANA moves to dismiss the Sergeants' outrage claim because, as alleged, it is barred by the statute of limitations.  Dkt. 25 at 13.  The Court agrees.  In its previous order, the Court granted BANA's motion on this claim because the "only date alleged in the complaint is 2009."  Dkt. 23 at 6.  The only additional date the Sergeants added in the FAC is July 22, 2011, which is more than three years before they filed the complaint.  FAC ¶ 140.  Thus, based on the FAC, the Sergeants' claim is time-barred.  The Sergeants, however, argue that the Court should equitably toll the statute of limitations.  Dkt. 27 at 14–17.

"Equitable tolling is granted by the courts when justice requires."  *Finkelstein v. Sec. Properties, Inc.*, 76 Wn. App. 733, 739 (1995).  "The predicates for an equitable tolling of the statute of limitations are either bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff."  *Id*.  Even if equitable tolling may be applied to a tort of outrage, it would not apply to the facts of this case because the Sergeants have failed to show diligence.  "Despite admitting to hiring multiple attorneys and experiencing great distress, [the Sergeants] waited several years

after the alleged actionable conduct to file [this claim]." Dkt. 25 at 13. Therefore, the Court grants BANA's motion to dismiss the Sergeants' outrage claim.

### 5. Leave to Amend

The Sergeants request leave to amend if the Court grants BANA's motion. Dkt. 27 at 4–5. Amendment, however, would be futile because the Sergeants' ECOA and outrage claims fail as a matter of law. Thus, the Court denies the request for leave to amend.

### III. ORDER

Therefore, it is hereby **ORDERED** that BANA's motion to dismiss (Dkt. 25) is **GRANTED in part** as to the Sergeants' ECOA and outrage claims, which are **DISMISSED with prejudice**, and **DENIED in part** as to their CPA claim. The Sergeants' motion to strike (Dkt. 29) is **DENIED**.

Dated this 6th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge