UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANICE SERGEANT and THOMAS SERGEANT,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | CASE NO. C17-5232 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiffs Janice and Thomas Sergeant's ("Sergeants") motion for reconsideration or, in the alternative, for certification of immediate appeal (Dkt. 34). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 29, 2017, the Sergeants filed a complaint against Defendant Bank of America, N.A. ("BANA"), Carrington Mortgage Services, LLC, and all others claiming an interest in the property described in the complaint. Dkt. 1.

On May 8, 2017, BANA moved to dismiss the Sergeants' claims for a violation of the Washington State Consumer Protection Act ("CPA"), a violation of the Equal Credit Opportunity Act ("ECOA"), and the tort of outrage. Dkt. 14. On June 14, 2017, the Court granted the motion, dismissed part of the Sergeants' ECOA claim with prejudice, and granted the Sergeants leave to amend their CPA and outrage claims. Dkt. 23.

On July 7, 2017, the Sergeants filed a first amended complaint ("FAC"). Dkt. 24. On July 7, 2017, BANA moved to dismiss the Sergeants' CPA, ECOA, and outrage claims. Dkt. 25. On September 6, 2017, the Court granted BANA's motion in part and denied it in part dismissing the Sergeants' ECOA and outrage claims with prejudice. Dkt. 33.

On September 12, 2017, the Sergeants filed the instant motion requesting reconsideration of the Court's dismissal of the ECOA and outrage claims or, in the alternative, certification for immediate appeal. Dkt. 34.

## II. DISCUSSION

### A. Reconsideration

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Local Rules, W.D. Wash. LCR 7(h)(1).

In this case, the Sergeants argue that the Court committed manifest error. First, the Sergeants argue that the Court erred in dismissing their ECOA claim because it assumed the Sergeants were in default and because some courts have refused to dismiss

this claim even if the party is in default.  Regarding default, the Sergeants cite paragraphs fifteen to twenty of their FAC.  Dkt. 34 at 2.  The Court finds nothing in there paragraphs establishing that the Sergeants were not in default.  Instead, the operative paragraph provides as follows:

> BANA's obstinance caused Plaintiffs to seek help from people who turned out to be scam artists. The scam persuaded plaintiffs to transfer their property to a revocable trust and then make their monthly payments there instead of BANA. Under those circumstances plaintiffs ceased making payments to BANA in May 2010.

FAC ¶ 24.  Thus, the Sergeants admit that they stopped making payments on their loan, which leads to the reasonable inference that they were in default.  The Sergeants' motion on this issue is meritless.

The Sergeants argue that the Court made an error of law on the ECOA claim.  They cite "*McMahon v. JPMorgan Chase Bank, N.A.*, No. 2:16-cv-1459-JAM-KJN (U.S. Dist. Ct. E.D. Cal., 2017.)"[1] claiming that the district court "[r]efused to dismiss §1691(d)(1) claim solely because of default."  Dkt. 34 at 2–3.  In *McMahon*, the court relied upon *Vasquez v. Bank of Am., N.A.*, 13-CV-02902-JST, 2014 WL 1614764 (N.D. Cal. Apr. 22, 2014), and *MacDonald v. Wells Fargo Bank N.A.*, No. 14-CV-04970-HSG, 2015 WL 1886000 (N.D. Cal. Apr. 24, 2015), to support its denial of the motion to dismiss.  This Court ***explicitly*** distinguished *Vasquez* and *MacDonald* because those courts failed to consider and interpret the implementing regulations of the ECOA.  Dkt. 33 at 6–8.  In light of the regulations, notice is not required when a party is in default.  *Id.*; *Smith v.*

---

[1] This is an incomplete cite.  After searching the electronic docket, the Court assumes the Sergeants are referring to the order issued on May 31, 2017.

*Wells Fargo Bank, N.A.*, 15-CV-01779-YGR, 2016 WL 283521, at *7 (N.D. Cal. Jan. 25, 2016) (citing numerous cases). Thus, the Court denies the Sergeants' motion on the ECOA claim.

Second, the Court dismissed the Sergeants' outrage claim because it was untimely. The Court correctly stated that the only date alleged in the outrage claim was "June 22, 2011." Dkt. 33 at 8. The Sergeants argue that this conclusion is in error because of an action that occurred on August 1, 2014, which is alleged is a separate part of the complaint. Dkt. 34 at 3. Not only did the Court warn the Sergeants that "the most glaring deficiency" in their original complaint was the "compound factual allegations, legal conclusions, and citations to authorities," but it is also not the Court's responsibility to scour the complaint for a sufficient allegations. Thus, as alleged, the complaint fails to state a claim. The only possible error is whether the Court should have granted leave to amend a second time to correct an error identified for the second time. Based on the Sergeants' failure to heed the Court's warning regarding their voluminous and confusing complaint and their failure to cure an identified deficiency in their original complaint, the Court finds no error in denying leave to amend the outrage claim a second time. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended."); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("affirming denial of leave to amend when the party knew of the factual basis for the amendment prior to a previous amendment."). Therefore, the Court denies the Sergeants' motion for reconsideration on this issue.

1 | The Sergeants also argue that the Court committed error by ruling as a matter of
law on equitable tolling because discovery of wrongful acts is ordinarily a question of
fact. Dkt. 34 at 3. The problem with the Sergeants' argument is that they failed to show
that equitable tolling even applies to the tort of outrage. *See Cox v. Oasis Physical
Therapy, PLLC*, 153 Wn. App. 176, 190 (2009) ("a cause of action for negligent injury
accrues at the time the act or omission occurs."). Even if it could somehow apply, the
Court did not commit error in concluding that they failed to show diligence as a matter of
law. *See*, *e.g.*, *Finkelstein v. Sec. Properties, Inc.*, 76 Wn. App. 733, 739 (1995)
("Assuming, without deciding, that equitable tolling may be applied in this type of
situation, it would not apply to the facts of this case."). Similar to the plaintiff in
*Finkelstein*, the Sergeants were represented by multiple attorneys when the allegedly
tortious acts occurred, yet they waited years to assert the cause of action. Therefore, the
Court denies the motion on this issue.

**B.     Appeal**

Section 1292(b) provides a mechanism by which litigants can bring an immediate
appeal of a non-final order upon the consent of both the district court and the court of
appeals. The certification requirements are (1) that there be a controlling question of law,
(2) that there be substantial grounds for difference of opinion, and (3) that an immediate
appeal may materially advance the ultimate termination of the litigation. "[T]he
legislative history of 1292(b) indicates that this section was to be used only in exceptional
situations in which allowing an interlocutory appeal would avoid protracted and
expensive litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

In this case, the Sergeants have failed to show that exceptional circumstances exist to certify an interlocutory appeal. They have failed to show a controlling question of law or substantial grounds for a difference of opinion. Instead, they merely disagree with the Court's conclusions. This is not sufficient reason to upset the normal course of a proceeding. Therefore, the Court denies the Sergeants' request to certify the issues for interlocutory appeal.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Sargeants' motion for reconsideration or, in the alternative, for certification of immediate appeal (Dkt. 34) is **DENIED**.

Dated this 13th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge